UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

EDGE SERVICES, INC.,                          )
                                             )
          Plaintiff,                         )
                                             )
v.                                           )          Case No. CIV-26-1222-R
                                             )
DRI-DRILLING RIGS                            )
INTERNATIONAL, LLC, and                      )
GLENN, LLC d/b/a                             )
ZORRO ENERGY GROUP, LLC,                     )
                                             )
          Defendants.                        )

## ORDER

Before the Court is a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(3) and 12(b)(7) [Doc. No. 4] filed by Defendants DRI-Drilling Rigs International, LLC and Glenn, LLC, d/b/a as Zorro Energy Group, LLC. The motion is fully briefed [Doc. Nos. 7, 8, 10] and at issue.

This action arises from a dispute over the purchase of drilling equipment. In Edge's telling, it legitimately purchased and paid $500,000 for six drilling rigs from Zorro pursuant to a series of invoices but Zorra refused to deliver the equipment. Zorro claims the invoices were fraudulently created by an employee – Tom Waldron – acting outside the scope of his authority, Edge was complicit in the fraud, and Edge is improperly relying on the fraudulent invoices to obtain equipment it did not actually pay for.

Edge sent a demand letter to Zorro seeking the return of its $500,000 payment or delivery of the (allegedly) purchased equipment. The letter set a deadline of April 9, 2026 at 5:00 p.m. to satisfy the demand, or Edge would file suit. Counsel for the parties

exchanged emails about the issue and, on the evening of April 9th, Edge's counsel sent an

email extending the deadline to the next day. But it was futile gesture because a few hours

prior to the email, Zorro had filed suit in the Southern District of Texas.[1] In the Texas

action, Zorro seeks a declaratory judgment and asserts claims for fraud, breach of contract,

civil conspiracy and conversion against Edge and Tom Waldron. Less than a week later,

Edge filed this action asserting claims for alter ego, breach of contract, unjust enrichment,

conversion, and replevin against Zorro. Again, the parties have divergent views of these

events. As Zorro sees it, Edge's suit must yield to the first-filed Texas action, which arises

from the same facts and includes all the necessary parties. As Edge sees it, Zorro engaged

in stall tactics so it could race to the courthouse to file an anticipatory suit in its preferred

forum.

Against that backdrop, Zorro moves for dismissal of this action[2] pursuant to the

first-to-file rule, "a deferential principle or practice that favors resolution of all issues

between parties in the action that is first filed." *Swift Distribution, LLC v. Starin Mktg.,*

*Inc.*, No. 16-CV-00893-MSK-STV, 2016 WL 9344072, at *2 (D. Colo. Nov. 4, 2016). The

first-to-file recognizes that when two federal suits are pending, "the first federal district

court which obtains jurisdiction of parties and issues should have priority and the second

---

[1] *Drilling Rigs International, LLC et al v. Edge Services, Inc., et al.,* 4:26-cv-4334 (S.D. Tex).
[2] Zorro seeks relief pursuant to Fed. R. Civ. P. 12(b)(3), which permits dismissal for improper venue. But Zorro cannot seriously dispute that venue is proper in this District because Zorro removed the action. Venue in a removed action is controlled by 28 U.S.C. § 1441(a), which "provides that the proper venue of a removed action is 'the district court of the United States for the district and division embracing the place where such action is pending.'" *Weathers v. Circle K Stores, Inc.*, 434 F. Supp. 3d 1195, 1205 (D.N.M. 2020) (quoting Polizzi v. Cowles Mags., Inc., 345 U.S. 663, 666 (1953). "Because this action was removed from a state court within this judicial district, venue is proper under 28 U.S.C. § 1441(a)." *Wichert v. Ohio Sec. Ins. Co.*, No. CIV-21-976-D, 2021 WL 5762799, at *1 (W.D. Okla. Dec. 3, 2021).

court should decline consideration of the action until the proceedings before the first court are terminated." *Cessna Aircraft Co. v. Brown*, 348 F.2d 689, 692 (10th Cir. 1965).

To determine whether the first-to-file rule applies, courts consider three, non-exhaustive, factors: "(1) the chronology of events, (2) the similarity of the parties involved, and (3) the similarity of the issues or claims at stake." *Wakaya Perfection, LLC v. Youngevity Int'l, Inc.*, 910 F.3d 1118, 1124, 1127 (10th Cir. 2018) (quotation marks omitted). The first factor "typically requires only a comparison of the two filing dates." *Id.* at 1124. For a removed case, the focus is "on the date that the complaint had been filed in state court rather than the removal date." *Id.* The remaining two factors "consider whether the two cases bear substantial overlap in (1) the parties and (2) the issues or claims." *Id.* After evaluating those factors, courts must then consider whether any equitable considerations warrant disregarding the rule, "such as where the first-filed suit constitutes an improper anticipatory filing." *Purnell v. Amerisure Mut. Ins. Co.*, No. CIV-08-729-L, 2009 WL 223406, at *1 (W.D. Okla. Jan. 29, 2009).

Here, Zorro argues that all three factors favor dismissal of this action in favor of the first-filed Texas action, which involves all the necessary parties and substantial overlap in the issues or claims. Edge counters that even if some of the factors support dismissal, the Court should disregard the first-to-file rule because Zorro engaged in inequitable conduct by racing to the courthouse to file an anticipatory suit.

However, neither party addresses a more "fundamental question: who should decide whether to apply the first-filed rule." *Universal Premium Acceptance Corp. v. Oxford Bank & Tr.*, No. CIV.A. 02-2448-KHV, 2002 WL 31898217, at *2 (D. Kan. Dec. 10, 2002).

3

Numerous cases have recognized that, although not an absolute rule, "the court in which the first-filed case was brought decides the question of whether or not the first-filed rule, or alternatively, an exception to the first-filed rule, applies." *Id.* (quotation marks omitted); *see also Cherokee Nation v. Nash,* 724 F. Supp. 2d 1159, 1166 (N.D. Okla. 2010) ("District courts within the Tenth Circuit have stated that the preference is for the court of first-filing to decide the application of the first to file rule.") (quotation marks omitted); *Purnell*, 2009 WL 223406, at *1 ("The court need not consider plaintiff's arguments at this juncture, however, since case law clearly indicates that the court in which the first-filed case was brought decides the question of whether or not the first-filed rule, or alternatively, an exception to the first-filed rule, applies.") (quotation marks omitted); *Newlin v. Allstate Prop. & Cas. Ins. Co.*, No. CV 13-0507 KBM/RHS, 2013 WL 12090662, at *2 (D.N.M. July 29, 2013) ("The first–to–file rule does not necessarily dictate that the first court to obtain jurisdiction decides the merits of the case; however, it does dictate that it be allowed to first decide issues of venue."). Moreover, even if the court were to apply the first-to-file rule in this case, Zorro does not adequately explain why dismissal of the action, as opposed to a transfer, would be the appropriate remedy. *See Colton v. Contintental Res., Inc.,* No. 22-00208-EFM, 2022 WL 17486848, at *3 (E.D. Okla. Dec. 2, 2022) (explaining that "courts generally choose to transfer rather than dismiss a second-filed action" and "[a] transfer is generally the proper course of action if the first to file rule applies") (quotation marks omitted); *Nash*, 724 F. Supp. 2d at 1171 ("After determining whether the first to file rule generally applies, courts within the Tenth Circuit have the option of staying the

4

second-filed action pending the outcome of the first-filed action, rather than immediately transferring the case to the first-filed court.").

Edge's briefing in this action states that it intends to seek dismissal of the Texas action based in part on the anticipatory nature of Zorro's suit. The docket sheet for the Texas action also reflects that Edge has filed a motion in the Texas action that seeks to dismiss Zorro's declaratory judgment claim as anticipatory or, in the alternative, to transfer venue. Given the preference for permitting the first-filed court to enforce the first-to-file rule and determine the applicability of any equitable exceptions, and the procedural posture of the two cases, the Court concludes that Zorro's request to dismiss this action is not appropriate at this time.[3]

One additional issue requires resolution. Zorro also seeks dismissal of this action pursuant to Rule 12(b)(7) for failure to join a party under Rule 19. Zorro argues that Tom Waldron is a required party under Rule 19(a) because complete relief cannot be afforded in his absence. Assuming for the sake of argument that Waldron is a required party under Rule 19, a point that Edge emphatically disputes, Zorro does not explain why that would support dismissal of the action. "[T]he proper remedy for failure to join a party 'required' under Rule 19(a) is not—in the first instance—dismissal but rather is joinder when 'feasible[.]'" *Hartford Cas. Ins. Co. v. Trinity Universal Ins. Co. of Kansas*, 158 F. Supp. 3d 1183, 1210 (D.N.M. 2015) (quoting Fed. R. Civ. P. 19(a)). Zorro concedes that Waldron is subject to service of process and his presence would not deprive the Court of diversity

---

[3] If counsel believes that a stay or transfer of this action is warranted, they should file a motion requesting that relief.

jurisdiction. Zorro has therefore not shown that his joinder is not feasible and its request to dismiss this action under Rule 12(b)(7) is therefore not appropriate.

For the reasons stated above, the Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(3) and 12(b)(7) [Doc. No. 4] filed by Defendants DRI-Drilling Rigs International, LLC and Glenn, LLC, d/b/a as Zorro Energy Group, LLC is DENIED without prejudice.

IT IS SO ORDERED this 20th day of July, 2026.

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**

6